IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YETI COOLERS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:16-CV-264-RP |
| RTIC COOLERS, LLC, RTIC DRINKWARE, LLC, RTIC WEB SERVICES, LLC, CORPORATE SUPPORT & FULFILLMENT, LLC, JOHN JACOBSEN, and JACOB JACOBSEN, | § § § § § § § § | |
| Defendants. | § § | |

## **ORDER**

Before the Court are Defendant RTIC Cooler, LLC's Motion to Dismiss (Dkt. 11), Plaintiff YETI Cooler, LLC's First Amended Complaint and Response to the motion to dismiss, and RTIC Cooler, LLC's Reply. After reviewing these filings, the relevant law, and the factual record, the Court denies the motion to dismiss.

## **I. BACKGROUND**

Plaintiff YETI Coolers, LLC ("YETI") filed suit against Defendant RTIC Coolers, LLC ("RTIC Coolers") on March 2, 2016, alleging that RTIC Coolers copied the trade dress and design of YETI's insulated drinkware products, including its 20 oz. and 30 oz. tumblers. YETI brought eight claims against RTIC Coolers: (1) trade dress infringement under 15 U.S.C. § 1125(a), (2) unfair competition and false designation of origin under 15 U.S.C. § 1125(a), (3) trade dress dilution under 15 U.S.C. § 1125(c), (4) trade dress dilution under Texas Business and Commerce Code § 16.103, and common law claims for (5) trade dress infringement, (6) unfair competition, (7) misappropriation, and (8) unjust enrichment.

1

On May 2, 2016, RTIC Coolers filed the pending motion to dismiss, arguing that it is not properly named as a defendant in the suit. RTIC Coolers asserts that it "does not advertise, promote, sell, offer to sell, and/or distribute **any** 'tumbler' products," nor any other drinkware. (RTIC Coolers' Mot. to Dismiss at 1; Dkt. 11 (emphasis in original).) Instead, RTIC Coolers argues that the website on which the allegedly infringing products are sold, RTICCoolers.com, is not operated by RTIC Coolers, but by two other companies—RTIC Web Services, LLC ("RTIC Web Services") and Corporate Support & Fulfillment ("CS&F").

On May 16, 2016, YETI filed its first amended complaint and a response to RTIC Cooler's motion to dismiss. YETI's amended complaint retained RTIC Coolers as a named defendant and added five additional defendants: RTIC Web Services, CS&F, RTIC Drinkware, LLC ("RTIC Drinkware"), John Jacobsen, and James Jacobsen. The amended complaint also added a claim for patent infringement under 35 U.S.C § 271. YETI's response to the motion to dismiss argues that RTIC Coolers is a proper defendant because it sells and promotes infringing drinkware. RTIC Coolers filed its reply on May 23, 2016. On May 31, 2016, RTIC Coolers filed a notice "to inform the Court that it intends to rely upon its previously-filed motion to dismiss (Dkt. No. 11) as its response to plaintiff [YETI's] Complaint (Dkt. No. 1) and First Amended Complaint (Dkt. No. 15)." (RTIC Coolers' Not. of Resp. Pleading at 1; Dkt. 23.) The Court now considers RTIC Coolers' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) with respect to YETI's amended complaint ("the Complaint").

## II. STANDARD OF REVIEW

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Although Federal Rule of

Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. The court must initially identify allegations in the complaint that are no more than legal conclusions or "[t]hreadbare recitals of a cause of action's elements," then assume the veracity of well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. ANALYSIS

RTIC Coolers argues in its motion to dismiss that every claim made in YETI's Complaint relates to tumblers or drinkware, but that RTIC Coolers sells coolers, not tumblers or drinkware. It asserts that the factual allegations in YETI's Complaint—in particular, that RTIC Coolers advertises, promotes, sells, or distributes and "tumbler" products (Am. Compl. ¶¶ 11, 27, 36; Dkt. 15)—are false (Mot. to Dismiss at 1, 3; Dkt. 11). RTIC Coolers argues that without YETI's allegation regarding RTIC Cooler's involvement in advertising, promotion, selling, or distribution of drinkware or tumblers, each of YETI's claims fail.

As an initial matter, the Court generally agrees with RTIC Coolers that in order for YETI's claims to survive, its factual allegations relating to RTIC Coolers' involvement in advertising, promoting, selling, or distributing the allegedly infringing products are necessary.[1]

Moving to RTIC Coolers' contention that these allegations are false, the Court finds no reason that YETI's factual allegations that RTIC Coolers advertises, promotes, sells, or distributes the tumblers and other drinkware that allegedly infringe on YETI's products should not be given the assumption of truth at the pleading stage. This Court must accept all well-pleaded facts in the complaint as true so long as they are not so conclusory as to not be entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Here, YETI has fleshed out the factual allegations regarding RTIC Coolers' involvement in advertising and selling the allegedly infringing products in detail. According to the Complaint, customers can purchase each of the allegedly infringing drinkware products on RTICCoolers.com. (Am. Compl. ¶ 35; Dkt. 15.) The Complaint alleges that, earlier this year, RTICCoolers.com expressly stated that it was "operated by RTIC Coolers LLC." (*Id.* ¶¶ 43–44, 49.)

---

[1] *See, e.g.*, 35 U.S.C. § 271(a) ("[W]hoever without authority makes, uses, **offers to sell, or sells** any patented invention, . . . infringes the patent." (emphasis added)); 15 U.S.C. § 1125(a) ("Any person who, on or in connection with any goods or services, . . . **uses in commerce** any word, term, name, symbol, or device . . . is likely to cause confusion . . . as to the affiliation, connection, or association . . . or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . or . . . **in commercial advertising or promotion**, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action." (emphasis added)); 15 U.S.C. 1125(c) ("[T]he owner of a famous mark that is distinctive . . . shall be entitled to an injunction against another person who . . . commences **use** of a mark or trade name **in commerce** that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark." (emphasis added)); Tex. Bus. & Com. Code § 16.103 ("[T]he owner of a mark that is famous and distinctive . . . is entitled to enjoin another person's **commercial use** of a mark or trade name that begins after the mark has become famous if use of the mark or trade name is likely to cause the dilution of the famous mark." (emphasis added)). The Court notes that for patent infringement, the allegation that RTIC Coolers made the infringing product (Am. Compl. ¶ 27), is sufficient for liability, but does not address it here because it finds that YETI has plausibly alleged that RTIC Coolers offers to sell or sells the allegedly infringing products.

When a customer orders allegedly infringing drinkware from RTICCoolers.com, the Complaint alleges that the customer receives "an email confirming that the entity that will charge the customer's credit card is 'RTIC Coolers LLC.'" (*Id.* ¶ 37.) The Complaint also asserts that this purchase confirmation includes a link to "Contact Us" that directs customers to contact "RTIC Coolers LLC." (*Id.* ¶¶ 40–41.) When customers purchase the allegedly infringing drinkware from RTICCoolers.com, the Complaint alleges that their credit cards list the payment as being made to RTIC Coolers, (*Id.* ¶ 42), and if they seek to return the tumblers or drinkware, RTICCoolers.com directs them to return the products to "RTIC Coolers." (*Id.* ¶ 48). The Complaint makes additional allegations connecting RTIC Coolers to the advertisement and sale of allegedly infringing drinkware and tumblers based on other statements from RTICCoolers.com, the "RTIC Coolers" Facebook page, and the email confirmations customers receive when purchasing the allegedly infringing drinkware. (*Id.* ¶¶ 38–39, 45–47, 50–51.) Further, all of these allegations are supported by exhibits—email order confirmations, sample credit card statements, screen shots of RTICCoolers.com, and screen shots to the "RTIC Coolers" Facebook page. (Am. Compl. Exs. 1–14; Dkt. 15.) Based on these detailed allegations, the Court finds it plausible that RTIC Coolers has advertised, promoted, sold, or distributed the allegedly infringing products and is thus liable for the claims alleged by YETI.

RTIC Coolers argues that the Court should come to the opposite conclusion for three reasons. Each argument, however, is fact-based. Because the Court is bound to accept as true the facts presented in YETI's Complaint, *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 ("The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"), and cannot consider the facts alleged in a defendant's responsive filings, *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) ("[T]he court may not look beyond the pleadings in ruling on [a Rule 12(b)(6) motion to dismiss]."), RTIC's Coolers' motion to dismiss fails.

5

First, RTIC Coolers argues that the evidence submitted by YETI with its complaint connecting RTIC Coolers to sales of tumblers and drinkware made on RTICCoolers.com were made erroneously and due to a rapid growth in business—in other words, that RTICCoolers.com mistakenly listed RTIC Coolers in several places on the website. In support of this contention, RTIC Coolers cites a declaration and deposition. (Dkt. 19-1; 19-4.) The Court cannot consider such evidence when considering a motion to dismiss.[2] *See Baker*, 75 F.3d at 196.

Second, RTIC Coolers argues that YETI's addition of other parties—namely RTIC Drinkware, RTIC Web Services, and CS&F—is effectively an admission that RTIC Coolers did not and does not sell the allegedly infringing drinkware. (Reply at 1; Dkt. 19.) The Court rejects this argument. The Complaint alleges that "Defendants," referring to all six named defendants, "have purposefully advertised, promoted, offered for sale, sold, and distributed, and continue to advertise, promote, offer for sale, sell, and distribute drinkware products that violate YETI's rights." (Am. Compl. ¶ 27.) Then, as the Court has already discussed, it alleges specific facts regarding RTIC Coolers' involvement in the advertisement and sale of the drinkware that make this allegation plausible with respect to RTIC Coolers. (*Id.* ¶¶ 36–51.) The Complaint also makes allegations regarding the involvement of the other defendants.[3] (*Id.* ¶¶ 29–35.) Any inconsistency between the allegations that both RTIC Coolers and each of the other defendants was involved in selling and promoting the drinkware at issue—and they are not necessarily inconsistent—does not preclude the allegations against RTIC Coolers surviving a motion to dismiss. *See Leal v. McHugh*, 731 F.3d 405, 414 (5th Cir. 2013); Fed. R. Civ. P. 8(d) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").

---

[2] Courts may consider evidence attached to a motion to dismiss where the evidence is referenced in the complaint and central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Here, however, the Complaint does not reference the declaration or deposition attached to RTIC Coolers' motion to dismiss and reply.

[3] The Court does not address the plausibility of allegations with respect to the other defendants at this time.

Third, RTIC Coolers argues that it merely processes credit card transactions on behalf of RTIC Drinkware, which receives and refunds money from the sales of any drinkware and tumblers, and that the processing of credit card transactions does not make one a seller. (Reply at 3–5; Dkt. 19.) The validity of this argument depends on disputed facts regarding exactly what role RTIC Coolers plays in the sale of the allegedly infringing drinkware. In the case relied on by RTIC Coolers, *Perfect 10, Inc. v. Visa Intern. Serv. Ass'n*, 494 F.3d 788 (9th Cir. 2007), the parties did not dispute that Visa and Mastercard served as credit card processors for the transactions involving the sale of copyrighted material on third-party websites. *See id.* at 793 ("The Visa and MasterCard entities are associations of member banks that issue credit cards to consumers, automatically process payments to merchants authorized to accept their cards, and provide information to the interested parties necessary to settle the resulting debits and credits."). The Ninth Circuit rejected claims that the credit card companies could be held liable for contributory or vicarious copyright or trademark infringement in their role as credit card processors. *Id.* at 794–808. Here, however, there is a factual dispute as to whether RTIC Coolers is in fact a credit card processor. Because YETI plausibly alleges that RTIC Coolers is a seller and advertiser, not a credit card processor, RTIC Coolers' grounds for dismissal are inadequate.

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** RTIC Coolers' Motion to Dismiss (Dkt. 11) YETI's First Amended Complaint.

**SIGNED** on July 19, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE