UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| YETI COOLERS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>RTIC COOLERS, LLC, RTIC DRINKWARE, LLC, AND RTIC WEB SERVICES, LLC,<br><br>Defendants. | CASE NO. 1:16-CV-00985-RP<br><br>Jury Trial Demanded |
| RTIC DRINKWARE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>YETI COOLERS, LLC,<br><br>    Defendant. | CASE NO. 1:16-CV-00907-RP<br><br>Jury Trial Demanded |
| YETI COOLERS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>RTIC COOLERS, LLC, RTIC DRINKWARE, LLC, RTIC WEB SERVICES, LLC, CORPORATE SUPPORT & FULFILLMENT, LLC, JOHN AND JAMES JACOBSEN,<br><br>    Defendants. | CASE NO. 1:16-CV-00264-RP<br><br>Jury Trial Demanded |
| YETI COOLERS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>RTIC SOFT SIDED COOLERS, LLC, RTIC COOLERS, LLC, RTIC WEB SERVICES, LLC, AND CORPORATE SUPPORT AND FULFILLMENT, LLC,<br><br>    Defendants. | CASE NO. 1:16-CV-00909-RP<br><br>Jury Trial Demanded |

## RTIC'S OPPOSED MOTION TO CONSOLIDATE

Pursuant to Federal Rule of Civil Procedure 42(a) and the Local Rules for the United States District Court for the Western District of Texas, RTIC Coolers, LLC, RTIC Soft-Sided Coolers, LLC, RTIC Drinkware, LLC, RTIC Web Services, LLC, Corporate Support and Fulfillment, LLC, and John and James Jacobsen (collectively, "the RTIC Parties") move to consolidate the following cases (the "Cases") against YETI Coolers, LLC ("YETI") pending before this Court: (i) *Yeti Coolers, LLC v. RTIC Coolers, LLC*, No. 1:16cv264; *RTIC Drinkware, LLC v. Yeti Coolers, LLC*, No. 1:16cv907; *Yeti Coolers, LLC v. RTIC Soft Sided Coolers, LLC et al*, No. 1:16cv909; and *Yeti Coolers, LLC v. RTIC Coolers, LLC et al*, No. 1:16cv985.

## BACKGROUND

In a deliberate attempt to stifle a legitimate competitor, YETI filed lawsuits against some or all of the RTIC Parties **on four separate occasions**[1] asserting claims against RTIC concerning its insulated cooler, drinkware, and bottle products within the time span of just over one year.

*First*, on July 17, 2015, YETI filed a complaint against RTIC Coolers, LLC for trade dress infringement, trademark infringement, false advertising, patent infringement, dilution, unfair competition, misappropriation, and unjust enrichment based on YETI's alleged rights in the design and appearance of certain hard-sided cooler products and RTIC Coolers, LLC's sale of allegedly similar hard-sided cooler products. *See* No. 15-Civ-00597 ("'597 Case").[2] YETI then amended its complaint on January 1, 2016 to include a claim for copyright infringement and to assert a second patent, and then again on April 15, 2016 to include John and James Jacobsen as parties.

---

[1] As explained below, a fifth lawsuit is actually a declaratory judgment action that several of the RTIC Parties were forced to file against YETI.
[2] Because the '597 Case is in a considerably different procedural posture than the Cases, the RTIC Parties do not include the '597 Case in their Motion to Consolidate.

1

***Second***, on March 2, 2016, as the parties progressed through discovery in the '597 Case, YETI filed another complaint for nearly identical causes of action—trade dress infringement, dilution, unfair competition, misappropriation, and unjust enrichment—based on YETI's alleged rights in the design and appearance of certain drinkware products ("tumbler" and "lowball" cups, and "colster" drink insulators) and RTIC Coolers, LLC's sale of allegedly similar drinkware products. *See* No. 16-Civ-00264 ("'264 Case"). Then on May 16, 2016, YETI amended its complaint to include a patent infringement claim and add RTIC Drinkware, LLC, RTIC Web Services, LLC, Corporate Support and Fulfillment, LLC, and John and James Jacobsen as parties.

***Third***, on May 2, 2016, RTIC Drinkware, LLC was forced to file a complaint for declaratory judgment of no trade dress infringement, no unfair competition, no dilution, no misappropriation, and no unjust enrichment based on YETI's alleged rights in the design and appearance of certain drinkware products (tumbler cups) and RTIC Drinkware, LLC's sale of allegedly similar drinkware products.[3] *See* No. 16-Civ-00907 ("'907 Case"). As can be plainly seen from even a glance at YETI's tumblers, the design is nothing more than the incorporation of a well-known tumbler design into stainless steel, made at a time when stainless steel tumblers were well-known in the industry.

***Fourth***, on July 27, 2016, YETI filed another complaint for virtually identical causes of action as in the '597 and '264 Cases based on YETI's alleged rights in the design and appearance of certain soft-sided cooler products and RTIC Soft Sided Coolers, LLC, RTIC Coolers, LLC,

---

[3] RTIC Drinkware, LLC's complaint in the '907 Case includes claims for Attempted Monopolization, Tortious Interference with Contract, and Tortious Interference with Prospective Business Relations, which it is removing by filing an amended complaint concurrently with this motion. At that point, consolidation of the '907 Case and the '264 Case will certainly be proper. *See Arctic Cat, Inc. v. Polaris Indus. Inc.*, No. 13-Civ-3579, 2014 WL 5325361 (D. Minn. Oct. 20, 2014) (when an action for declaratory relief is filed to determine a central issue of an already pending affirmative lawsuit between the same parties, consolidation is appropriate).

2

RTIC Web Services, LLC, and Corporate Support and Fulfillment, LLC's sale of allegedly similar soft-sided cooler products. No. 16-Civ-00909 ("'909 Case").

***Fifth***, on August 18, 2016, YETI filed another complaint for virtually identical causes of action as in the '597, '264, and '909 Cases, based on YETI's alleged rights in the design and appearance of certain beverage bottle products and RTIC Coolers, LLC's, RTIC Drinkware, LLC's, and RTIC Web Services, LLC's sale of allegedly similar beverage bottle products. *See* No. 16-Civ-00985 ("'985 Case").

Given the considerable overlap of YETI's claims and the similarity of YETI's products at issue across all of the Cases—as well as the significant potential for wasted resources—YETI should not be permitted to maintain a separate action for each "type" of insulated cooler, drinkware, or bottle product. Consolidation is particularly appropriate here given that the Cases are all similarly-situated in the early stages of fact discovery. Consolidation will not prejudice YETI; in ***every other case*** that YETI has filed against other third parties involving coolers, drinkware, and/or bottles, YETI has filed ***one comprehensive case including all of the products at issue*** rather than filing one case per product type, as it has done here. In stark contrast, denying consolidation will severely prejudice the RTIC Parties by forcing them to simultaneously defend four nearly identical lawsuits.[4]

## LEGAL STANDARD

"Trial judges are urged to make good use of Rule 42(a) of the Federal Rules of Civil Procedure where there is involved a common question of fact and law." *DuPont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966). Courts in this District analyze and weigh several factors to

---

[4] As the Court is aware, RTIC's motions to dismiss have been fully-briefed and are pending in the '909 and '985 Cases. If the Court grants RTIC's motions without leave to amend, this Motion to Consolidate will be moot as to those Cases.

determine whether circumstances favor consolidation, including whether: (i) the cases are pending before the same court; (ii) the cases involve common parties; (iii) the cases involve common questions of law or fact; (iv) any risk of prejudice or confusion is outweighed by the risk of inconsistent adjudications; (v) consolidation will conserve judicial resources; and (vi) the cases are at similar stages of preparation. *Arnold & Co., LLC v. David K. Young Consulting, LLC,* No. 13-Civ-00146, 2013 WL 1411773, at *2 (W.D. Tex. Apr. 8, 2013).

## ARGUMENT

Consolidation of the Cases is appropriate because: (i) the Cases are all before this Court; (ii) the Cases involve common parties; (iii) the Cases all involve common questions of law and fact; (iv) there is no risk of prejudice or confusion; (v) consolidation will serve judicial economy; and (vi) the Cases are at similar stages of preparation.

### A.  THE CASES ARE ALL BEFORE THIS COURT

All of the Cases are in this Court before the Honorable Robert L. Pitman. *See Hamilton Enersafe, Inc. v. ENERSAFE, INC.*, No. 15-Civ-1003, 2016 WL 3406197, at *2 (W.D. Tex. June 17, 2016) (granting consolidation of three cases before the same court to "eliminate unnecessary repetition involving complicated questions of facts and eliminate the risks of duplication"); *In re Camp Arrowhead, Ltd.*, No. 10-Civ-170, 2010 WL 841340, at *2 (W.D. Tex. Mar. 8, 2010) (granting consolidation where all cases were before the same judge). Thus, this factor weighs in favor of consolidation.

### B.  THE CASES INVOLVE COMMON PARTIES

The Cases involve common parties—the RTIC Parties and YETI. While each of the individual RTIC Parties is not necessarily named in each of the Cases, "[t]he fact that a [party] may be involved in one case and not the other is not sufficient to avoid consolidation." *St. Bernard*

*Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). Additionally, the RTIC Parties have parallel interests in the Cases; each of the RTIC parties is asserting, in response to YETI's allegations, that no infringement, dilution, unfair competition, misappropriation or unjust enrichment occurred, and none of the RTIC Parties is asserting claims or defenses that would put them at odds with one another. *Trevizo v. Cloonan*, No. 00-Civ-028, 2000 WL 33348794, at *8 (W.D. Tex. Nov. 29, 2000) (granting consolidation where unrelated plaintiffs had parallel purposes in litigation). Further, there are no other parties involved—in each of the Cases, the RTIC Parties are adverse only to YETI. Lastly, both the RTIC Parties and YETI are represented by the same sets of counsel in each of the Cases. *Hamilton*, 2016 WL 3406197, at *2 (considering same counsel as additional factor in cases to be consolidated). Thus, this factor weighs in favor of consolidation.

### C.  THE CASES INVOLVE COMMON QUESTIONS OF LAW AND FACT

The Court has broad discretion in finding that certain actions involve common questions of law or fact, and may order consolidation even when the parties before them are opposed to it. *Stoneeagle Services, Inc. v. Gilman*, 11-Civ-02408, 2014 WL 12577069, at * 2 (N.D. Tex. Jan 28, 2014) (citing *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977)). When analyzing whether common questions exist, courts examine the similarities in the claims alleged and the underlying circumstances of the cases sought to be consolidated. *See Neutron Depot, LLC v. Bankrate Inc.*, No. 14-Civ-192, 2016 WL 3536721, at *2 (S.D. Tex. June 29, 2016) (holding that common questions of law existed where the cases involved raised the same allegations of trademark infringement, unfair competition, cybersquatting, and dilution).

In particular, the following chart depicts the overlapping nature of the issues in the Cases—all involving YETI's and the RTIC Parties' coolers, drinkware, and bottle products.

5

| Case No. | Products at Issue | Claims at Issue |
|---|---|---|
| 1:16-CV-00907-RP | Drinkware | (1) Trade Dress Infringement under Lanham Act |
| 1:16-CV-00264-RP | | (2) Unfair Competition and False Designation of Origin under Lanham Act |
| | | (3) Trade Dress Dilution under Lanham Act § 43(a) |
| 1:16-CV-00909-RP | Soft-Sided Coolers | (4) Trade Dress Dilution under Tex. Bus. & Com. Code § 16.103 |
| | | (5) Common Law Trade Dress Infringement |
| 1:16-CV-00985-RP | Bottles | (6) Common Law Unfair Competition |
| | | (7) Common Law Misappropriation |
| | | (8) Unjust Enrichment |
| | | (9) Patent Infringement under 35 U.S.C. § 271 ('264,'909 cases) |

As shown, YETI alleges the following claims in each of the Cases: trade dress infringement, dilution, unfair competition, misappropriation, and unjust enrichment, based on the design and appearance of the coolers, drinkware, or bottles at issue. Additionally, the '264 and '909 Cases include patent infringement claims that are based on facts and issues fundamentally intertwined with the trade dress infringement and other claims at issue in the Cases because YETI has asserted both patent infringement and trade dress infringement arising from a single type of product in each of the Cases. *See Bordas v. Marquette Transp. Co. Gulf-Inland LLC*, No. 14-Civ-163, 2016 WL 2625064, at *2 (S.D. Tex. May 9, 2016) (granting consolidation where questions of law and fact are non-identical but arise out of common facts).

The facts in the Cases are also substantially related. Even if the products themselves are slightly different in shape, size, and material (e.g., a hard-sided cooler or a soft-sided cooler), they are all intended for the same purpose—to keep food and beverages hot or cold. And because the claims overlap significantly, the Court will examine the same factual issues in each Case, for

6

example: (i) the functional and generic nature of the parties' products (to keep items hot or cold); (ii) consumer awareness of the design and appearance of the parties' products; (iii) third-party use of the design and appearance of the parties' products; (iv) the parties' company-wide marketing and advertising channels and materials; (v) the parties' strategic business and marketing goals; and (vi) the parties' financial statements, including revenue, cost, and profit information. The foregoing factual issues are inextricably linked across the Cases, and as explained in detail below, will require (among other things), deposition and trial testimony from the same fact and expert witnesses and production of many of the same thousands of documents in each of the Cases.

As evidence of the commonality of the issues across the Cases, in the '597 Case involving hard-sided coolers, YETI used (and attempted to use) documents and question RTIC's witnesses about products ***other than*** hard-sided coolers during the depositions of RTIC's witnesses. And in the '985 Case involving bottles, YETI included with its Opposition to RTIC's Motion to Dismiss an exhibit that RTIC produced in the '597 Case. Dkt. No. 13. Additionally, the written discovery requests that YETI served in the '264, '909, and '985 Cases are virtually identical in each Case.

Further, ***in every other case that YETI has filed against other entities***, ***YETI itself*** has asserted claims based on both coolers and tumblers in the same action. *See YETI Coolers, LLC v. Mycrew, LLC et al*, No. 16-Civ-1008 (W.D. Tex., filed Aug. 26, 2016) (asserting claims based on alleged rights in the "Roadie" and "Tundra" hard-sided coolers and the "Rambler" tumblers); *YETI Coolers, LLC v. Kuer Outdoors, LLC*, No. 16-Civ-631 (W.D. Tex., filed May 27, 2016) (same); *YETI Coolers, LLC v. Blackbird Products Group, LLC*, No. 15-Civ-1105 (W.D. Tex. filed Dec. 7, 2015) (same); *YETI Coolers, LLC v. Evans*, No. 15-Civ-00995 (W.D. Tex., filed Nov. 2, 2015) (asserting claims based on alleged rights in the "Roadie" and "Tundra" hard-sided coolers, the "Hopper" soft-sided coolers, and the "Rambler" tumblers and colsters). Given YETI's history of

7

filing single actions against other parties on the basis of its alleged rights spanning multiple cooler and drinkware products, any argument by YETI against consolidation of the Cases here would be disingenuous. Thus, this factor weighs in favor of consolidation.

### D.  CONSOLIDATION WILL NOT PREJUDICE YETI

Consolidation of the Cases will not result in prejudice or confusion to any of the parties. *Trevizo*, 2000 WL 33348794, at *8 (consolidating cases where parties' parallel interests in litigation was unlikely to cause prejudice or confusion). There is no risk of prejudice or confusion because the Cases involve the same parties, similar cooler, drinkware, and bottle products, and the same potential remedies. *Lake Charles Cane Lacassine Mill, Inc. v. Smar Int'l Corp.*, No. 07-Civ-667, 2010 WL 420360, at *3 (W.D. La. Feb. 1, 2010) (holding that when the actions sought to be consolidated involved the same litigants and had the same central questions, there was very little likelihood of irrelevant testimony that would confuse a jury). If the Cases are consolidated, YETI will have the same opportunities to, for example: (i) depose and defend the depositions of fact and expert witnesses; (ii) obtain and produce relevant documents; (iii) obtain and serve written discovery responses; (iv) obtain and serve expert reports; (v) move for and oppose summary judgment; (vi) proceed through trial; and (vii) if it prevails, obtain the remedies that it seeks. There is not a single opportunity that will be denied to YETI as a result of consolidation. In contrast (and as described further below), if the RTIC Parties are forced to defend the Cases separately, they will suffer extreme prejudice by spending a significant amount of resources (monetary and time), which will cause harm to their overall business. Thus, this factor weighs in favor of consolidation.

### E.  CONSOLIDATION WILL SERVE JUDICIAL ECONOMY

Consolidation of the Cases will serve judicial economy. Because the Cases involve the same legal and factual issues, consolidation will avoid unnecessary repetition and significant costs

by, among other things, streamlining the fact (including third-party) and expert discovery processes. *Pasley v. CenterPoint Energy Hous. Elec.*, *L.L.C.*, No. 11-Civ-2341, 2012 WL 360195, at *2 (granting consolidation to "conserve judicial resources and reduce the time of handling the cases separately, as one court can familiarize itself with the facts and rule on any motions").

As it stands, the parties have already spent ***millions*** of dollars and ***thousands*** of hours litigating the '597 Case, where discovery is near completion. If litigated separately, each Case will inevitably follow the same path, requiring the parties to spend ***multiples*** of millions of dollars and thousands of hours on each case—producing and reviewing the same documents, deposing the same fact and expert witnesses, writing and reviewing the same discovery responses, and working with the same experts on the same expert reports. Additionally, the same non-parties will be burdened with responding to document and deposition subpoenas in each Case.[5] YETI already acknowledged this overall burden in its Motion to Transfer the '907 Case, stating, "[s]hould both actions proceed, all witnesses will be required to appear multiple times in separate courts. Thus, transfer would greatly reduce the burden on the witnesses." No. 16-Civ-907, Dkt. No. 8 at 24–25.

For example, in the '597 case alone, the parties have scheduled depositions for 51 witnesses and have produced over 1,083,350 documents (amounting to 2,069,896 pages); if YETI is permitted to proceed with litigating the '907, '909, '264, and '985 cases separately, there will potentially be a total of ***over 200 depositions*** and ***over 4,333,400 documents (8,279,584 pages)*** produced overall. And in the '909, '985, and '264 cases alone, YETI has already served ***1,307*** (nearly identical) ***first sets of*** requests for production and interrogatories.

---

[5] Already recognizing the inefficiency of litigating each of the Cases separately, one of the third parties subpoenaed in the '597 Case has requested that RTIC issue subpoenas for all of the Cases simultaneously, so that it does not need to address these issues in a piecemeal fashion.

9

Likewise, the Court will inevitably be required to address various motions and other issues that arise throughout the course of each of the Cases—and then ultimately will be required to decide four separate sets of motions for summary judgment and hold four separate trials (tried by four separate juries, yet involving the presentation of the same witnesses, exhibits, and arguments). Federal courts frown upon such a waste of judicial resources. *See, e.g.*, *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, No. 01-Civ-3624, 2007 WL 446051, at *8 (S.D. Tex. Feb. 7, 2007) (stating that "it is clearly in the interests of judicial economy to present that mountain of evidence once, to one jury, in one trial"). Thus, this factor weighs in favor of consolidation.

### F.  EACH OF THE CASES IS AT A SIMILAR STAGE OF PREPARATION

Consolidation is appropriate because each of the Cases is at a similar stage of preparation. Indeed, each Case was filed within six months of one another and none of the Cases is beyond the early stages of fact discovery. Courts routinely grant motions to consolidate where the cases were filed close in time. *See, e.g.*, *Pasley*, 2012 WL 360195, at *2 (granting consolidation when cases were filed within months of each other). Here, the parties will be able to seamlessly consolidate written and document discovery efforts well before transitioning to depositions and other phases of the case. Thus, this factor weighs in favor of consolidation.

### CONCLUSION

Because YETI filed what amounts to the same lawsuit against the RTIC Parties ***four separate times***, it is not surprising that each of the foregoing factors weighs in favor of consolidation. YETI's attempt to use the judicial system to improperly force a legitimate competitor out of the market is transparent and disingenuous. Thus, the Court should grant the RTIC Parties' Opposed Motion to Consolidate, and consolidate the Cases into the '985 Case.

Dated:  November 14, 2016                               Respectfully Submitted,

FISH & RICHARDSON P.C.

*/s/ Elizabeth E. Brenckman*
**Thomas M. Melsheimer**
Texas Bar No. 13922550
melsheimer@fr.com
**Neil J. McNabnay**
Texas Bar No. 24002583
mcnabnay@fr.com
**P. Weston Musselman, Jr.**
Texas Bar No. 14749600
musselman@fr.com
**Natalie L. Arbaugh**
Texas Bar No. 24033378
arbaugh@fr.com
**Ricardo J. Bonilla**
Texas Bar No. 24082704
rbonilla@fr.com
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 - Telephone
(214) 747-2091 - Facsimile

**William T. "Tommy" Jacks**
Texas Bar No. 10452000
jacks@fr.com
111 Congress Avenue, Suite 810
Austin, TX 78701
(512) 472-5070 - Telephone
(512) 320-8935 - Facsimile

**Bailey K. Harris**
Texas Bar No. 24083139
bharris@fr.com
1221 McKinney St., Suite 2800
Houston, TX 77010
(713) 654-5300 - Telephone
(713) 652-0109 – Facsimile

**Elizabeth E. Brenckman**
(admitted *pro hac vice*)
brenckman@fr.com
601 Lexington Avenue, Flr 52

11

        New York, NY 10022
(212) 641-2305 – Telephone
(212) 765-5070 – Facsimile

**ATTORNEYS FOR RTIC COOLERS, LLC, RTIC SOFT-SIDED COOLERS, LLC, RTIC DRINKWARE, LLC, RTIC WEB SERVICES, LLC, CORPORATE SUPPORT & FULFILLMENT, LLC, JOHN JACOBSEN AND JAMES JACOBSEN**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 14, 2016 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Elizabeth E. Brenckman*
Elizabeth E. Brenckman

**CERTIFICATE OF CONFERENCE**

This is to certify that Elizabeth E. Brenckman, counsel for the RTIC Parties, has met and conferred by telephone and e-mail with counsel for YETI several times regarding the issues presented in this Motion. Counsel for YETI indicated that YETI opposes this motion because, as YETI will explain in its opposition briefing, it believes that the cases are complex and include many factual, legal, and patent issues as well as multiple products and technologies.

*/s/ Elizabeth E. Brenckman*
Elizabeth E. Brenckman