UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **YETI Coolers, LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**RTIC Coolers, LLC, RTIC Drinkware, LLC, and RTIC Web Services, LLC,**<br><br>    Defendants. | **Case No. 1:16-cv-00985-RP**<br><br>**Jury Trial Demanded** |
| **YETI Coolers, LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**RTIC Soft Sided Coolers, LLC, RTIC Coolers, LLC, RTIC Web Services, LLC, and Corporate Support and Fulfillment, LLC,**<br><br>    Defendants. | **Case No. 1:16-cv-00909-RP**<br><br>**Jury Trial Demanded** |
| **RTIC Drinkware, LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**YETI Coolers, LLC,**<br><br>    Defendant. | **Case No. 1:16-cv-00907-RP**<br><br>**Jury Trial Demanded** |
| **YETI Coolers, LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**RTIC Coolers, LLC, RTIC Drinkware, LLC, RTIC Web Services, LLC, Corporate Support & Fulfillment, LLC, John Jacobsen, and James Jacobsen,**<br><br>    Defendants. | **Case No. 1:16-cv-00264-RP**<br><br>**Jury Trial Demanded** |

**<u>YETI'S OPPOSITION TO RTIC'S MOTION TO CONSOLIDATE</u>**

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.    FACTUAL BACKGROUND ................................................................................2

III.    ARGUMENT – RTIC'S MOTION SHOULD BE DENIED.........................................4

   A.   RTIC Fails to Meet its Threshold Burden or Show Sufficient Common Questions............5

     1.   There are not sufficient common questions of fact......................................................6

     2.   There are not sufficient common questions of law......................................................7

   B.   The Other Factors Also Weigh Against Consolidation .......................................................8

IV.    CONCLUSION......................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**

*Certified/LVI Env. Services, Inc. v. PI Const. Corp.*,
   No. 01-1036, 2003 WL 1798542 (W.D. Tex. Mar. 3, 2003)............................................4, 7, 9

*Griffin v. Aerosat USA*,
   No. 10–1838, 2011 WL 204833 (D. Ariz. Jan. 20, 2011) ....................................................4, 7

*Netron Depot, LLC v. Bankrate, Inc.*,
   No. 14-192, 2016 WL 3536721 (S.D. Tex. June 29, 2016)..............................................7, 8, 10

*PB & J Soft., LLC v. Acronis, Inc.*,
   No. 12-960, 2012 WL 4815132 (E.D. Mo. Oct. 10, 2012)...............................................passim

*Pedigo v. Austin Rumba, Inc.*,
    No. 08-803, 2010 WL 2730463 (W.D. Tex. June 24, 2010).....................................................4

*Pfeffer v. HSA Retail, Inc.*,
   No. 11-959, 2012 WL 394645 (W.D. Tex. Feb. 6, 2012) .........................................................9

*Rollins v. St. Jude Med., Inc.*,
   No. 08–387, 2010 WL 1751821 (W.D. La. Apr. 28, 2010).......................................................6

*U.S. ex rel. Boise v. Cephalon, Inc.*,
   No. 08–287, 2014 WL 6676629 (E.D. Pa. Nov. 25, 2014) .......................................................7

*U.S. v. Homeward Res., Inc.*,
   No. 12-461, 2016 WL 777000 (E.D. Tex. Feb. 29, 2016).................................................4, 5, 8

*Vance v. City of Nacogdoches, Tx.*,
   198 F.Supp.2d 858 (E.D. Tex. 2002)........................................................................................7

*WCM Indus., Inc. v. IPS Corp.*,
   No. 13-2019, 2013 WL 3349182 (W.D. Tenn. July 2, 2013)................................................6, 7

Plaintiff YETI Coolers, LLC ("YETI"), hereby opposes RTIC's motion to consolidate. RTIC's Motion should be denied. While YETI agrees that Case Nos. 1:16-264 and 1:16-907 should be consolidated,[1] YETI opposes consolidation of all four cases (Case Nos. 1:16-264, 1:16-907, 1:16-909, and 1:16-985) that are based on completely distinct YETI intellectual property rights and completely distinct RTIC products, for the reasons described below.

## I.   INTRODUCTION

RTIC's motion is just its latest attempt to divert the Court and delay YETI's ultimate day in Court. Over the course of the various cases between the parties, RTIC's general litigation strategy has become clear: to freeride on the goodwill and positive associations YETI has fostered in the marketplace for as long as possible by slowing YETI's various legal claims.[2]

Here, however, consolidation is improper. RTIC acknowledges that consolidation is appropriate only when there is a "common question of fact and law." (Mot. at 3). Yet RTIC cannot and does not meet this threshold requirement because the cases involve distinct products, distinct facts and separate intellectual property rights. RTIC attempts to gloss over the distinct rights at issue by arguing the relevant products are all under of the same general category, and that the same basic types of claims are asserted in each case. Courts have rejected similar arguments as explained below. And even if RTIC somehow met its burden in establishing a requisite common question of law or fact, there are certainly not sufficiently common questions that warrant consolidation, and consolidation would still not be justified for other reasons. For example, consolidation would greatly prejudice YETI because it would eliminate a scheduled

---

[1] YETI believes the appropriate course of action is for RTIC to simply dismiss Case No. 1:16-907 because the counts in that case overlap with the earlier filed Case No. 1:16-264. Nonetheless, YETI would not oppose consolidation of Case No. 1:16-907 into Case No. 1:16-264. YETI's arguments, therefore, relate to YETI's opposition to consolidation of all four cases.
[2] (*See, e.g.,* '909 Case, ECF 13, at 3) (providing examples of RTIC's failed gamesmanship).

1

trial date in one action and add months, if not years, of additional pre-trial proceedings in YETI's earlier-filed cases. Consolidation would also delay, confuse, and inconvenience the parties, the Court, and the ultimate jury by injecting many distinct issues and time-consuming procedures, such as *Markman* proceedings, into a single action. This will make the cases far larger, more complex, and unwieldy by mixing distinct trade dress rights, design patent rights, and utility patent rights related to different product designs in different technology areas.

In short, RTIC's motion is without merit and belies its true intent: to delay YETI's day in Court for as long and in as many cases as possible, under the guise of consolidation by shifting more advanced cases into the newest action between the parties. Therefore, the Court should deny RTIC's motion to consolidate Case Nos. 1:16-264, 1:16-907, 1:16-909, and 1:16-985.

## II.   FACTUAL BACKGROUND

Through its investments in innovation and quality, YETI has become a well-known provider of several kinds of heavy-duty insulating products. Unfortunately, YETI's success has attracted copycats such as RTIC, which has steadily escalated the scale of its infringement over the years. Instead of making the effort to design its own products, RTIC has systematically and blatantly copied several distinct YETI products to trade off YETI's goodwill in the marketplace:

**Hard-Coolers:** YETI first filed suit against RTIC in July of 2015, Case No. 1:15-597, ("the '597 case") due to RTIC's copying and infringement of YETI's intellectual property related to YETI's hard-cooler products. ('985 Case, ECF 15, at ¶ 22).

**Tumblers and Can Insulators:** Unabated, RTIC then started copying and infringing YETI's rights related to its tumbler products and its Colster® can and bottle insulator in late 2015 and early 2016, forcing YETI to file a second lawsuit in March of 2016, Case No. 1:16-264 ("the '264 case"). (*Id.* at ¶ 23). RTIC initially did not answer this Complaint, instead it moved to

dismiss and filed in the Southern District of Texas a duplicative suit[3] which was then transferred to this Court as Case No. 1:16-907 ("the '907 case"). Despite RTIC's failed venue gambit, the '264 case has moved forward and the Court entered a schedule. ('264 Case, ECF 45). The parties began conducting discovery in May of 2016, are scheduled to complete discovery in early June of 2017, and trial is scheduled for February of 2018. (*Id.* at 3-4). In contrast, since filing its Complaint more than half a year ago, RTIC has taken no substantive efforts in the '907 case. It has not conducted a Rule 26(f) conference, served discovery, nor proposed a schedule.

**Soft-Coolers:** RTIC's serial campaign of infringement continued, however, as after YETI filed the '264 case RTIC began selling products infringing YETI's rights related to its soft-cooler products, requiring YETI to file yet another lawsuit in July of 2016, Case No. 1:16-909 ("the '909 case"). ('909 Case, ECF 1). The '909 case includes a YETI utility patent, unlike the '264, '907 and '985 cases, and therefore includes *Markman* proceedings, as reflected in the proposed schedule, ('909 Case, ECF No. 20, Ex. A at 3), meaning it necessarily includes a longer timeline to trial than the '264 case. For example, the proposed date for dispositive motions in the '909 case is over ten months later than the analogous date in the '264 case, and nearly half a year after the scheduled trial in the '264 case. (*Id.* at 4; '264 Case, ECF 45, at 3-4).

**Bottles:** Finally, RTIC began infringing YETI's rights related to its bottle products, leading to another lawsuit in August of 2016 ("the '985 case"). ('985 Case, ECF 1, at ¶¶ 25-26). The parties recently submitted a proposed schedule in the '985 case that includes a close of fact discovery *after* the currently scheduled trial in the '264 case. ('985 case at ECF 30, Ex. A, at 3; '264 Case, ECF 45, at 4). Yet RTIC's motion urges the Court to make the '985 case the lead

---

[3] RTIC now asserts it was somehow "forced" to file its own lawsuit related to products already at issue in the '264 case rather than answering the Complaint and asserting counterclaims, even as it acknowledges its declaratory counts should be part of the '264 case. (Mot. at 2, 2 n. 3).

3

case, despite the lengthy extension of the entered schedule in the '264 case that would result.

In sum, while RTIC argues that YETI should have filed a single "comprehensive" case (Mot. at 3), this ignores the reality of RTIC's ongoing, expanding and distinct infringements.

### III. ARGUMENT – RTIC'S MOTION SHOULD BE DENIED

The Court should deny RTIC's motion at least because RTIC fails to show that the '264, '907, '909, and '985 cases involve any "common question of law or fact" sufficient to warrant consolidation. A motion to consolidate must meet this "threshold requirement." *Pedigo v. Austin Rumba, Inc.*, No. 08-803, 2010 WL 2730463, at *1 (W.D. Tex. June 24, 2010); *Griffin v. Aerosat USA*, No. 10–1838, 2011 WL 204833, at *2 (D. Ariz. Jan. 20, 2011). Even if that prerequisite is met, "the mere presence of a common question does not require consolidation" and whether to grant the motion becomes an issue of judicial discretion. *Pedigo*, 2010 WL 2730463, at *1; *U.S. v. Homeward Res., Inc.*, No. 12-461, 2016 WL 777000, at *1 (E.D. Tex. Feb. 29, 2016).

The goal of consolidating cases is to prevent separate suits from producing conflicting results, and is not appropriate if judicial effort would not be saved when balanced against the inconvenience, delay and confusion that might result. *Certified/LVI Env. Services, Inc. v. PI Const. Corp.*, No. 01-1036, 2003 WL 1798542, at *2 (W.D. Tex. Mar. 3, 2003); *Homeward*, 2016 WL 777000, at *1. In weighing whether consolidation is appropriate, courts may consider the presence of common questions of law or fact, the risks of prejudice, confusion, and inconsistent adjudications, the stages of the cases, conservation of resources, whether the cases are before the same court and if there are common parties. *Homeward*, 2016 WL 777000, at *2.

RTIC bears the initial threshold burden of establishing a common question and the subsequent burden of establishing consolidation is warranted as a matter of judicial discretion. *Certified/LVI*, 2003 WL 1798542, at *2; *PB & J Soft., LLC v. Acronis, Inc.*, No. 12-960, 2012

4

WL 4815132, at *2 (E.D. Mo. Oct. 10, 2012). RTIC fails on both counts.

### A. RTIC Fails to Meet its Threshold Burden or Show Sufficient Common Questions

RTIC's Motion should be denied because it fails to show sufficient common questions of law or fact: these cases are based on completely distinct YETI intellectual property rights and completely distinct RTIC products. For each of the different products, the issues of trade dress protectability, likelihood of confusion, fame and dilution do not necessarily rise or fall together. The disparate factual and legal issues unique to each case include, for example:

- the design, development, and physical characteristics of *each* of the relevant tumbler/insulator ('264 case and '907 case), soft-cooler ('909 case) and bottle products ('985 case);
- the advertising, marketing, and publicity of *each* of these distinct products;
- the channels of trade and sales for *each* of these distinct products;
- the similarity of *each* type of YETI's product to RTIC's corresponding product;
- the actual confusion and/or association regarding *each* type of YETI's product as to RTIC's corresponding infringing product;
- the secondary meaning of *each* one of YETI's asserted trade dresses, based on the unique facts discussed above for each distinct product type, among others;
- the likelihood of confusion and dilution between *each* one of YETI's trade dresses and the corresponding RTIC product, based on the unique facts discussed above, among others; and
- the non-functionality of the individual features of *each* one of YETI's asserted trade dresses, and overall combination thereof, including whether each feature (or combination) is essential to the use of the trade dress, has alternative designs for competitors, and so on.

In short, these cases are all based on different intellectual property rights, that are in turn based on different product designs, which all have their own evidence, and that are implicated by different RTIC products. RTIC fails to show any "common questions" of law or fact, as explained below, and even setting this threshold analysis aside, the presence of common questions is still weighed when determining whether to consolidate as a matter of judicial discretion. *See, e.g., Homeward*, 2016 WL 777000, at *2. Therefore, even if RTIC somehow edges across its threshold burden, there are certainly not sufficient common questions to warrant consolidation, for the same reasons discussed below. *Cf. id.* at *2 (consolidation appropriate

when cases "substantially overlap").

### 1. There are not sufficient common questions of fact

Tellingly, RTIC never actually identifies any "common" facts between the cases and therefore fails to meet this threshold requirement. RTIC attempts to gloss over this critical defect by instead arguing the facts are "substantially related" between the cases because the accused products all "keep food and beverages hot or cold," and generally refers to all the "products" to assert the cases involve the "same factual issues." (Mot. at 6-7). But these arguments fail to show a "common question" of fact. A tumbler is not a soft-sided cooler. As RTIC admits, there are differences in the products such as their "shape, size and material[s]." (Mot. at 6). And whether RTIC's products infringe the discrete YETI rights inherently requires consideration of facts related to each specific design and RTIC's related actions. *See, e.g., Rollins v. St. Jude Med., Inc.*, No. 08–387, 2010 WL 1751821, at *1 (W.D. La. Apr. 28, 2010) (consolidation "properly denied" when separate transactions form basis of suits).

Indeed, even different versions of the *same product* "foreclose[s] consolidation" because this is a "material difference[]" between the two cases. *Id*. And in intellectual property cases, courts have denied consolidation when parties merely point to a general relationship between the accused products, because this does "not establish a common question of fact." *See, e.g., WCM Indus., Inc. v. IPS Corp.*, No. 13-2019, 2013 WL 3349182, at *3 (W.D. Tenn. July 2, 2013)**.**

RTIC also points to various evidence of "the parties," such as revenue information, to assert the cases all have the "same factual issues." (Mot. at 6-7). But simply pointing to overlapping witnesses and documents does not mean there is a common question of fact. *Id*. Indeed, while RTIC repeatedly attempts to muddy the waters by generally referencing the "parties" and the "products," it cannot and does not refute that the products and revenue in each case are distinct from each other. Moreover, courts should only consider whether there are

6

parties in common *after* the threshold requirement of a common factual question is met.[4]

Finally, the law RTIC relies on underscores there are not sufficiently common questions of fact here. In *Neutron Depot*, the court denied consolidation when different activities were alleged to infringe a trademark and the resulting "lack of common issues of fact weighs heavily against consolidation of the cases." 2016 WL 3536721, at *2-3.

### 2. There are not sufficient common questions of law

Nor are there sufficiently common questions of law warranting consolidation. RTIC again tries to gloss over this by pointing to the general similarity of the causes of action, while simultaneously conceding distinctions at even this high-level because two cases include distinct patent claims. (Mot. at 6). More importantly, RTIC's arguments ignore that asserting the same basic type of intellectual property claim does not somehow make a common question of law.

While YETI does assert trade dress claims in all of the cases, for example, the relevant trade dress rights at issue are distinct. In *PB & J Software*, the Court denied consolidation in part because the allegation of infringement *of the same patent* instead of the *same patent claim* failed to meet the movant's burden of showing a common legal issue. 2012 WL 4815132, at *2. RTIC cannot point to even this close of a relationship.[5] And even setting this aside, the legal questions still differ due to the differences in relevant facts. *See, e.g., U.S. ex rel. Boise v. Cephalon, Inc.*, No. 08–287, 2014 WL 6676629, at *2 (E.D. Pa. Nov. 25, 2014) (similar legal theories or theories of recovery are not sufficient to warrant consolidation if resting on "disparate factual allegations"); *Griffin*, 2011 WL 204833, at *2 ("[B]ecause the predicate facts differ, the legal questions that flow from those facts will also differ."). Thus, the presence of completely different

---

[4] *See also WCM Indus.*, 2013 WL 3349182, at *3-4 (denying consolidation of cases including same parties when movant failed to carry burden of demonstrating a common question of fact).
[5] Texas courts also deny consolidation even when the cases arise under the same general statutes. *See, e.g., Certified/LVI,* 2003 WL 1798542, at *1; *Vance v. City of Nacogdoches, Tx.*, 198 F.Supp.2d 858, 859 (E.D. Tex. 2002).

7

patents and trade dress rights, without any overlap, and the differences in the accused product types,[6] precludes sufficient common questions of law.

RTIC cites to *Neutron* to argue there are common questions of law when cases involve the "same allegations of trademark infringement." (Mot. at 5). But YETI does not allege the "same allegations" of infringement in each case, as RTIC's infringing products are distinct from one case to another, and the *Neutron* court similarly **denied** consolidation because the differences in infringing activities "weighed heavily" against consolidation. 2016 WL 3536721, at *2-3. Regardless, *Neutron* is off-point because a single trademark was at issue there, not multiple marks as here, and even there the court ultimately hedged on the issue of common legal questions by noting there were "common … or at least overlapping" questions. *Id.*

### B. The Other Factors Also Weigh Against Consolidation

Even assuming RTIC somehow meets its threshold burden, and setting aside the common question factor in the subsequent analysis, consolidation is still not be warranted. *See Homeward*, 2016 WL 777000, at *2. First, the significant prejudice consolidation would cause YETI alone should preclude consolidation. Discovery in the '264 case began in May of 2016 is and scheduled to end in early June of 2017. Trial is scheduled in early 2018. Consolidating the '264 case into the most recent filed action, would wipe away the scheduled trial date and inject many new issues into the case, ensuring that whenever the trail is rescheduled, it will be much further down the road, just as RTIC intended. YETI would be greatly prejudiced if trial was indefinitely postponed, while RTIC's assertion that YETI will not be prejudiced because it can still seek discovery, file motions, and have a trial (Mot. at 8), is nonsensical because it would render the prejudice factor meaningless.

---

[6] Illustrating that consolidation is simply off-point here, under 35 U.S.C. § 299, consolidation of parties for trial in patent cases, even when the same patents are involved, is improper when the cases are not based on the "same accused product." *See, e.g., PB & J*, 2012 WL 4815132, at *2.

There is also no risk of inconsistent adjudications between the cases if they remain separate, meaning the very "goal" of consolidation is irrelevant here. *Certified/LVI*, 2003 WL 1798542, at *2. Different rights are being adjudicated in each case and different products in different technology areas are at issue. Therefore, even if there is overlapping evidence as asserted by RTIC, this still would not somehow create a risk of inconsistent ultimate judgments.

Moreover, the difference in posture of the cases weighs against consolidation. As explained above, the '264 case is well beyond both the '909 and '985 cases, and the '909 case will be on a different track from the '985 case due to the utility patent claim. Moreover, RTIC's filing of a motion to dismiss in the '909 and '985 cases further separates these cases from the '264 case. *See PB & J*, 2012 WL 4815132, at *2 (noting the cases were at different stage when one party filed an answer and others moved to dismiss).

RTIC touts the alleged scope of discovery and evidence to argue that judicial economy will be served by consolidation. (Mot. at 8-10). As an initial issue, this ignores that the Parties are negotiating cross-use of documents from one case to another. This also ignores that RTIC's corporate web requires more defendants and thus hundreds more discovery requests per case.

More importantly, RTIC ignores that consolidation will ultimately increase the complexity of these cases. Every legal and factual inquiry for each distinct product, and each distinct intellectual property right, will still have to be decided in a consolidated case. *See, e.g., Pfeffer v. HSA Retail, Inc.*, No. 11-959, 2012 WL 394645, at *2 (W.D. Tex. Feb. 6, 2012) ("The benefits of consolidation are slim. The disposition of each case requires separate, individualized inquiries, so few judicial resources would be saved by consolidating the actions.").[7] Thus, RTIC's proposal doesn't shrink the scope of the cases or the ultimate trial at all. RTIC points to

---

[7] On the other hand, to the extent rulings in one case may be applicable to another, nothing prevents the Court from taking notice of the rulings. *PB & J*, 2012 WL 4815132, at *2.

the expansive scope of the '597 case in support of this argument, but that action illustrates exactly why a single immense case is improper. That case has more than twenty retained experts addressing many complex factual and legal issues. RTIC seeks to place many more issues in front of the Court and a jury at the same time, forcing each to juggle the distinct trade dress rights and patent rights, all related to different product designs.[8] Thus, the inconvenience, delay, and confusion that would result show consolidation is not appropriate.

Finally, RTIC concedes the parties are not identical but asserts that the parallel interests are sufficient. (Mot. at 4-5). But any defendants accused of infringement have similar interests of establishing invalidity and/or non-infringement, and courts still frequently deny consolidation in this scenario. *See, e.g., PB & J*, 2012 WL 4815132, at *2-3. And while the cases are all before this Court, even *Neutron*, relied on by RTIC, recognizes this does not weigh heavily in favor of consolidation because it is so "common." 2016 WL 3536721, at *2. It does not alter the balance.

## IV.  CONCLUSION

For at least the foregoing reasons, RTIC's motion should be denied with respect to consolidation of the '264, '907, '909, and '985 cases into the '985 case. YETI does not oppose consolidation of the '907 case into the earlier filed '264 case, as explained in footnote 1. If the Court grants consolidation with respect to all cases, the cases should be consolidated for pre-trial purposes only and not for trial to avoid prejudicing YETI and confusing the jury at trial.

---

[8] RTIC cites *Enron* to assert that judicial economy is somehow enhanced when a large amount of evidence is presented to a jury at once. (Mot. at 10). But in *Enron* the same evidence would be presented in every trial "[w]hether tried together or separately." 2007 WL 446051, at *7-8. For similar reasons, RTIC's arguments that YETI "acknowledged" burdens of multiple trials when moving to transfer RTIC's duplicative suit from an improper venue are off-point. (Mot. at 9). In that suit, there were identical rights and products at issue, meaning RTIC was attempting to force two trails on the exact same facts and questions. Here, even assuming there are some similar facts as argued by RTIC, there is certainly not a complete identify of facts or legal questions.

Dated: November 21, 2016

Respectfully submitted,

By: /s/ Sean J. Jungels
Kevin J. Meek
Texas Bar No. 13899600
kevin.meek@bakerbotts.com
**BAKER BOTTS LLP**
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 322-5471
Facsimile: (512) 322-3622

Joseph J. Berghammer (admitted in the Western District of Texas)
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
Sean J. Jungels (admitted in the Western District of Texas)
Illinois Bar No. 6303636
sjungels@bannerwitcoff.com
**BANNER & WITCOFF, LTD.**
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2016, I caused the foregoing document to be electronically filed with the Clerk of the Court pursuant to the Electronic Filing Procedures and using the CM/ECF system, and that a true and correct electronic copy was thereby caused to be served on Defendants by and through their counsel of record.

/s/ Sean J. Jungels

**FOR YETI COOLERS, LLC**