# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>RTIC Coolers, LLC, RTIC Drinkware, LLC, RTIC Web Services, LLC, Corporate Support & Fulfillment, LLC, John Jacobsen, and James Jacobsen<br><br>    Defendants. | Case No. 1:16-cv-00264<br><br>The Honorable Robert L. Pitman<br><br>Jury Trial Demanded |

## YETI COOLERS, LLC'S MOTION FOR LEAVE TO FILE ITS SECOND AMENDED COMPLAINT

Pursuant to Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure, Plaintiff Yeti Coolers, LLC ("YETI") respectfully moves the Court for leave to file its Second Amended Complaint against Defendants, RTIC Coolers, LLC, RTIC Drinkware, LLC, RTIC Web Services, LLC, Corporate Support & Fulfillment, LLC, John Jacobsen, and James Jacobsen (collectively "Defendants"). Pursuant to Local Rule CV-7(b), an executed copy of YETI's Second Amended Complaint is attached as Exhibit 1.

YETI moves for leave to amend the Complaint to address Defendants' newly-discovered violations of YETI's trademark rights in the mark YETI in connection with drinkware products. Recently, multiple consumers have contacted YETI to report that drinkware products purchased from Defendants prominently display "YETI" branding embossed on the products. These products are not genuine YETI products and appear to be counterfeits of YETI's drinkware products, as described in more detail in YETI's concurrently filed motion for immediate

injunction relief, and in YETI's proposed Second Amended Complaint.

YETI owns multiple federal trademark registrations as well as substantial common law trademark rights in the YETI mark.  YETI's trademark rights in the YETI mark are collectively referred to as the "YETI Trademark."  YETI moves to amend its Complaint to add claims based on its rights in the YETI Trademark and Defendants' violations of these rights that have recently been brought to YETI's attention.

The deadline for amending the pleadings was October 3, 2016, (ECF 45 at 3), but good cause exists under Rule 16(b) to modify the scheduling order to extend the date for amending the pleadings. *See, e.g., Yates-Williams v. El Nihum*, No. 09-2554, 2010 WL 3505159, at *4 (S.D. Tex. Sept. 3, 2010) (holding good cause existed to amend Complaint under Rule 16 when plaintiff discovered new information that was unavailable when earlier Complaint was filed). Under Rule 16, the Court may consider why a plaintiff did not previously move for leave, the importance of the amendment, the potential prejudice in allowing the amendment, and the availability of a continuance to address any prejudice. *Goodman Mfg. Co. v. Field Warehousing Corp.*, No. 06-3042, 2007 WL 2446807, at *1 (S.D. Tex. Aug. 23, 2007) (citing *Southwestern Bell Telephone Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003) (granting leave to amend under Rule 16 when plaintiff further understood relevant facts only after deadline for amendment).

Here, all these factors weigh in favor of finding good cause for the amendment and granting YETI's motion for leave.  First, YETI has only recently learned of Defendants' use of the YETI Trademark in connection with drinkware and sales of the counterfeit products and promptly moved for this amendment.  Second Defendants' new flagrant infringements of the YETI Trademark are of critical importance to the Parties' existing dispute related to Defendants'

2

drinkware products.  Third, there is no prejudice to Defendants in allowing the amendment because the close of fact discovery is over four months away, and expert discovery will continue for months beyond that. (ECF 45 at 3).  YETI's motion does not impact the scheduling order entered in this case.

Because good cause exists to extend the date for amending the complaint, leave to amend should be "freely given" under Rule 15(b).  *Cadle Co. v. Keyser*, No. 15-217, 2015 WL 3746264, at *1 (W.D. Tex. June 15, 2015) (Pitman, J.) (leave to amend a complaint "should be freely given 'when justice so requires'") (quoting Fed. R. Civ. P. 15(a) (granting leave to amend to add new claims based on "recently uncovered" information); *SGIC Strategic Global Invest. Cap. Inc. v. Burger King Europe GmbH*, --- F.3d ----, 2016 WL 5888386, at *4 (5th Cir. Oct. 10, 2016) (Federal Rule "evinces a bias in favor of granting leave to amend"). Courts consider five factors in analyzing whether leave to amend should be granted: 1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment. *SGIC*, 2016 WL 5888386, at *4. All five factors support granting YETI's motion for leave to amend.

First, there is no undue delay. YETI's motion to amend is being filed promptly after discovering and investigating the relevant facts, before fact and expert discovery closes, and well in advance of the trial date.  Second, and relatedly, there is no bad faith or dilatory motive.  YETI has a good faith belief that Defendants are violating the YETI Trademark based on information received in the past few weeks, and YETI is promptly seeking to add the relevant claims to this suit. Third, there is no failure to add these claims previously as YETI only recently learned of the facts supporting YETI's claims, much less any deficiencies as to the new claims themselves. Fourth, the Defendants will not be prejudiced given that fact discovery is open and will be

ongoing for months, and YETI's amendment will not impact any other scheduled dates. Finally, YETI's new claims are not futile because the allegations and facts support plausible claims based on the YETI Trademarks, for at least the reasons explained in YETI's concurrently filed motion for immediate injunctive relief with respect to the likelihood of success factors.

Accordingly, YETI respectfully requests that the Court grant its motion for leave to file its Second Amended Complaint.

### Local Rule CV-7(i) Statement

Counsel for YETI, Katherine Fink, in good faith sent emails to counsel for the Defendants on January 19, 2017 and January 20, 2017 to resolve whether the Defendants oppose YETI's motion. Counsel for YETI certifies that the Defendants have not stated that they do not oppose the motion.

Dated: January 20, 2017        Respectfully submitted,

By: /s/ J. Pieter van Es

Kevin Meek
Texas Bar No. 13899600
kevin.meek@bakerbotts.com
Baker Botts L.L.P.
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 322-2639
Facsimile: (512) 322-8385

Joseph J. Berghammer (admitted in the Western District of Texas)
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
J. Pieter van Es (admitted in the Western District of Texas)
Illinois Bar No. 6210313
pvanes@bannerwitcoff.com
Michael L. Krashin (*pro hac vice*)

4

Illinois Bar No. 6286637
mkrashin@bannerwitcoff.com
Sean J. Jungels (admitted in the Western District
of Texas)
Illinois Bar No. 6303636
sjungels@bannerwitcoff.com
Banner & Witcoff, Ltd.
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2017, I caused the foregoing document to be electronically filed with the Clerk of the court pursuant to the Electronic Filing Procedures and using the CM/ECF system, and that a true and correct electronic copy was thereby caused to be served on Defendants by and through their counsel of record.

/s/J. Pieter van Es