IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YETI COOLERS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:16-cv-264-RP |
| | § | |
| RTIC COOLERS, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court are Plaintiff YETI Coolers, LLC's Motion for Leave to File Its Second Amended Complaint, filed January 20, 2017, (Dkt. 55), and Plaintiff YETI Coolers, LLC's Sealed Motion for a Preliminary Injunction and Expedited Hearing, filed January 25, 2017, (Dkt. 62). The Court held a hearing on these motions on January 26, 2017. After considering the pleadings and the relevant legal authorities, the Court issues the following Order.

## I. Background

This is action is one of several pending before the Court between Plaintiff YETI Coolers, LLC ("YETI") and Defendants RTIC Coolers, LLC, RTIC Drinkware, LLC, RTIC Web Services, LLC, Corporate Support & Fulfillment, LLC, John Jacobsen, and James Jacobsen (collectively "RTIC"). Here, YETI claims RTIC is infringing on its intellectual property rights in the design and appearance of certain drinkware products, specifically cups and drink insulators. YETI recently received information suggesting RTIC, on at least three occasions, sold products bearing YETI's trademark. Accordingly, YETI now moves the Court for (a) leave to amend its complaint to add new allegations of RTIC violating YETI's trademark rights and (b) for immediate injunctive relief.

## II. Discussion

### A. YETI's Motion to Amend

A party seeking leave to amend after the expiration of the scheduling order deadline must show good cause. *See* Fed. R. Civ. P. 16(b)(4) (stating that a scheduling order "may be modified only for good cause and with the judge's consent"); *see also S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."); *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) ("[A] party] must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply."). "Four factors are relevant to good cause: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (quoting *City of El Paso*, 346 F.3d at 541).

The deadline to amend pleadings under the Scheduling Order was October 3, 2016. (Dkt. 45, at 3). However, YETI contends that it only recently learned of the trademark violations alleged in its proposed amendment and, upon learning of the new violations, promptly moved to amend. Moreover, because the end of fact discovery in this case is several months away, the proposed amendment will not require continuing the trial or otherwise modifying the existing scheduling order. The Court concludes YETI has shown good cause for its late amendment and, therefore, its motion for leave to amend should be granted.

### B. YETI's Motion for a Preliminary Injunction

A preliminary injunction is an extraordinary remedy and the decision to grant a preliminary injunction is to be treated as the exception rather than the rule. *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). A plaintiff seeking a preliminary injunction must establish (1) that it is likely to succeed on the merits, (2) that its likely to suffer irreparable harm in the absence of

preliminary relief, (3) that the balance of equities tips in its favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking injunctive relief must "carr[y] the burden of persuasion on all four requirements." *PCI Transp. Inc. v. Western R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005). "However, even when a movant established each of the four requirements described above, the decision whether to grant or deny a preliminary injunction remains within the Court's discretion. . . ." *Sirius Comput. Sols. v. Sparks*, 138 F. Supp. 3d 821, 836 (W.D. Tex. 2015).

In light of the evidence submitted, the Court finds Plaintiff has met its burden to demonstrate the necessity of preliminary injunctive relief. First, YETI has demonstrated that it will likely be able to demonstrate ownership in a protectable mark and that RTIC has infringed that mark by selling, at least in a few limited instances, cups with "YETI" etched on the side. Second, YETI has established that it is likely to suffer irreparable harm in the absence of preliminary relief. *See Lennar Pac. Properties Mgmt., Inc. v. Dauben, Inc.*, No. 3:07-CV-1411G, 2007 WL 2340487, at *2 (N.D. Tex. Aug. 16, 2007) ("[Because trademark infringement is, as a matter of law, an irreparable injury, the plaintiffs have satisfied this prong for their trademark infringement claim."). Third, YETI has demonstrated the balance of equities tips in its favor, as RTIC will suffer minimal harm from ensuring it does not inadvertently sell products emblazoned with YETI's mark. Fourth, YETI has demonstrated granting preliminary relief serves the public interest, as the public is disserved by the consumer confusion consequent to the distribution of products bearing the trademarks of two distinct and unrelated companies.

For the foregoing reasons and the reasons stated on the record at the hearing on this matter, the Court concludes a preliminary injunction is appropriately granted.

## C. Conclusion

**IT IS HEREBY ORDERED** that Plaintiff YETI Coolers, LLC's Motion for Leave to File Its Second Amended Complaint, (Dkt. 55), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff YETI Coolers, LLC's Sealed Motion for a Preliminary Injunction and Expedited Hearing, (Dkt. 62), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff YETI Coolers, LLC's Motion for a Preliminary Injunction and Expedited Hearing, (Dkt. 56), is **DISMISSED AS MOOT.**

**IT IS FINALLY ORDERED** that Defendants RTIC Coolers, LLC, RTIC Drinkware, LLC, RTIC Web Services, LLC, Corporate Support & Fulfillment, LLC, John Jacobsen and James Jacobsen (collectively "RTIC") are enjoined as follows:

1. RTIC is hereby **IMMEDIATELY ENJOINED,** from the time this Order is entered, from shipping any RTIC products that contain YETI's trademark "YETI."

2. RTIC is further **ORDERED** to create new molds that will be used to make the "bottom" of its drinkware products such that it is impossible for the "bottom" of an RTIC drinkware product to be attached to a YETI drinkware product. RTIC shall destroy its existing molds used to make the "bottom" of its drinkware products.

3. RTIC is further **ORDERED** to personally inspect all RTIC drinkware products before they are shipped to consumers to assure the products do not contain YETI's trademark "YETI" until such time as YETI confirms in writing to RTIC that RTIC has implemented its new molds and the likelihood of RTIC creating drinkware products bearing YETI's trademark "YETI" has been eliminated.

4. RTIC is further **ORDERED** to, within five days of the date of this Order:

    a. prominently display the following text in paragraph 4(b) of this Order, for at least sixty days, on the product pages for RTIC's Lowball Tumbler product and RTIC's Can product on RTIC's website, rticcoolers.com.

    b. The text is as follows: "RTIC has accidentally sold drinkware products that include YETI's trademark "YETI," that are not from YETI.  YETI is not affiliated with RTIC in any way and YETI did not approve RTIC's action or these products.  Customers or retailers may return any such products to RTIC for a full refund or replacement, at RTIC's expense, including shipping.  This notice is being provided pursuant to a Court Order."

**SIGNED** on January 26, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE